United States Department of Justice
Office of the United States Trustee
1100 Commerce Street, Room 976
Dallas, Texas 75242
(214) 767-8967

Elizabeth Ziegler Young
for the United States Trustee
elizabeth.a.young@usdoj.gov

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 24-50137-RLJ-11 |
| **Pump Systems Management, Inc.** | § | |
| | § | |
| | § | Hearing: July 31, 2024 |
| | § | 1:30 P.M.[1] |
| **Debtor.** | § | |

**UNITED STATES TRUSTEE'S MOTION TO DISMISS UNDER 11 U.S.C. § 1112(b)**

TO THE HONORABLE ROBERT L. JONES, U.S. BANKRUPTCY JUDGE:

Kevin M. Epstein, the United States Trustee for Region 6 (the "**United States Trustee**"), moves to dismiss this case under 11 U.S.C. §1112(b). In support thereof, the United States Trustee would show:

**SUMMARY**

Pump Systems Management, Inc., ("**Debtor**") is a Subchapter V Debtor who filed this case pro se, and as of the date of this motion, remains pro se. It is a well-established legal principle that a corporation cannot appear in a federal court unless represented by a licensed attorney. Accordingly, this case should be dismissed as the Debtor remains pro se.

---

[1] The hearing will be in person at Room 314, 1205 Texas Avenue, Lubbock, TX

**UNITED STATES TRUSTEE'S MOTION TO DISMISS UNDER 11 U.S.C. § 1112(b)**                Page 1

## JURISDICTION

1. This Court has subject matter jurisdiction to determine this matter under 28 U.S.C. §§ 157(a) and 1334 and the order of reference of the United States District Court for the Northern District of Texas.

2. A motion to dismiss is a core matter. 28 U.S.C. § 157(b)(2)(A), (O).

## FACTUAL AND PROCEDURAL HISTORY

3. The Debtor filed a voluntary chapter 11 bankruptcy petition on June 13, 2024.

4. The Debtor's petition is signed by Randall Rentzel as President of the Debtor. [Docket No. 1]

5. The Debtor filed this case without assistance of counsel.

6. On June 26, 2024, the Debtor filed Schedules and a Statement of Financial Affairs ("**SOFA**"). [Docket Nos. 17, 18]

7. The Schedules and SOFA were also signed by Mr. Rentzel as President/CEO.

8. The Schedules and SOFA were filed without assistance of counsel.

9. According to SOFA question 27, the "date of the last Employee was November 2018." [Docket No. 18]

10. It is unclear if the Debtor has any ongoing operations.

11. As of the date of filing this Motion, the Debtor remains pro se.

## LEGAL ANALYSIS

*<u>General discussion of burdens when dismissal or conversion is sought:</u>*

12. Section 1112(b)(1) of the Bankruptcy Code provides that, "[e]xcept as provided in paragraph (2) and subsection (c) . . . after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best

interests of creditors and the estate," if the movant establishes cause. 11 U.S.C. § 1112(b)(1).

13. The Fifth Circuit has recognized that "cause" may be one of the statutorily identified listed factors or additional unlisted factors. *Little Creek Dev. Co. v. Commonwealth Mortg. Corp. (In re Little Creek Dev. Co.)*, 779 F.2d 1068, 1072 (5th Cir. 1986).

14. If cause is established, the burden shifts to the Debtor to prove that it falls within the § 1112(b)(2) "unusual circumstances" exception to § 1112(b)(1)'s mandatory conversion. *Id*. at § 1112(b)(2). The Legislative History explains that the exception applies only if: "(1) the debtor or a party in interest objects and establishes that there is a reasonable likelihood that a plan will be confirmed within the time periods set forth in section 1121(e) and 1129(e), or if these provisions are inapplicable, within a reasonable period of time; (2) the grounds for granting such relief include an act or omission of the debtor for which there exists a reasonable justification for such act or omission; and (3) such act or omission will be cured within a reasonable period of time." H.R. Rep. No. 109-31(1) at 94 (April 8, 2005), *reprinted in* 2005 U.S.C.C.A.N. 88, 2005 WL 832198, *reprinted in, In re Gateway Access Solutions, Inc*., 374 B.R. 556, 561 (Bankr. M.D. Pa. 2007).

15. Under the facts of this case, the United States Trustee contends that cause exists to dismiss this case as a corporate debtor cannot represent itself pro se.

### *Cause exists to dismiss this case because Debtors are corporations without counsel*

16. A corporation cannot appear in a federal court unless represented by a licensed attorney. *See*, *e.g.*, *Rowland v. California Men's Colony*, 506 U.S. 194, 202, 113 S.Ct. 716, 121 L.Ed.2d. 656 (1993) ("the lower courts have uniformly held that 28 U.S.C. § 1654 . . . does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney."); *Southwest Express Co. v. ICC*, 670 F.2d 53, 55 (5th Cir. 1982). The local

bankruptcy rules proscribe corporate debtors from commencing a case or appearing in court without counsel:

> Only an individual may file a voluntary bankruptcy petition or appear in court without being represented by a licensed attorney. All other entities, including partnerships, corporations and trusts may not, without counsel, appear in court or sign pleadings, including the petition. If a debtor that is not an individual files a petition without legal counsel, the Presiding Judge may dismiss the case without notice, either *sua sponte*, or on motion of a party in interest.

L.B.R. 1002-2.

17. Here, the Debtor filed this case without assistance of counsel and to date, no counsel has appeared to represent the Debtor. Without an attorney, the Debtor is impermissibly representing itself pro se as a corporation and as a representative of the bankruptcy estate. Failing to employ counsel establishes cause to dismiss this case.

## CONCLUSION

Wherefore, the United States Trustee respectfully requests that the Court enter an order dismissing this case and grant any other relief to which the United States Trustee may be entitled.

DATED: July 2, 2024

Respectfully submitted,

KEVIN M. EPSTEIN
UNITED STATES TRUSTEE

/s/ Elizabeth Ziegler Young
Elizabeth Ziegler Young
Trial Attorney
Texas State Bar No. 24086345 (Also by New York)
Office of the United States Trustee
1100 Commerce Street, Room 976
Dallas, Texas 75242
(214) 767-8967 x 1247
elizabeth.a.young@usdoj.gov

### Certificate of Conference

Pursuant to Local Rule 7.1, on July 1, 2024, I emailed Mr. Rentzel to see if an attorney would be filing a notice of appearance by July 2, 2024 at 12:00 PM. As of the time of filing this

motion, I have not had a response to my email.

*/s/ Elizabeth Ziegler Young*
Elizabeth Ziegler Young

## Certificate of Service

I certify that on July 2, 2024, a true and correct copy of the foregoing motion was served and notice by ECF or by first class mail, postage prepaid, to the following:

*/s/ Elizabeth Ziegler Young*
Elizabeth Ziegler Young

Pump Systems Management, Inc
PO Box 721927
Norman, OK 73070

Frances A. Smith
Ross, Smith & Binford, P.C.
700 N. Pearl Street
Ste 1610
Dallas, TX 75201